* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their *Page 2 
representatives, the Full Commission upon reconsideration of the evidence reverses in part the Opinion and Award of the Deputy Commissioner and remands this matter to the Deputy Commissioner Section for further hearing.
 * * * * * * * * * * *
This is a claim for death benefits related to occupational exposure to asbestos, which caused mesothelioma. Plaintiff filed an Amended Form 33 request for hearing on the issue of whether Defendants waived their defenses to Plaintiff's claim by failing to file a Form 61 denial of the claim within the time period specified by statute. Plaintiff sought a determination on this issue prior to a hearing on the merits of the claim to avoid having to subpoena multiple witnesses that may not be necessary to prove his claim. At the hearing before the Deputy Commissioner, the parties expressed their understanding that the issue before the Deputy Commissioner was the Form 61 waiver issue. The North Carolina Self Insurance Guaranty Association, in a letter dated May 3, 2005, which was 8 days before the hearing, stated: "In view of the Amended Form 33, which is limited to the sole issue whether Defendants filed Forms 61 pursuant to N.C. Gen. Stat. § 97-18, it appears there may not be any necessity for a hearing." Based on discussions at the hearing and arguments made to the Deputy Commissioner, it appears that the parties and the Deputy Commissioner understood that a subsequent hearing on the merits of Plaintiff's claim would be conducted unless Plaintiff prevailed on the Form 61 waiver argument. Therefore, no evidence was taken.
In a subsequent Opinion and Award and Amended Opinion and Award, the Deputy Commissioner dismissed Plaintiff's claim on the ground that Plaintiff presented no evidence on the merits of his claim. Plaintiff appealed to the Full Commission on the following grounds: "The Deputy Commissioner erred by denying the entirety of the claim. The Deputy *Page 3 
Commissioner erred by finding that the merits of the claim were to be decided at the hearing." The Full Commission is of the opinion that the ruling of the Deputy Commissioner exceeds the scope of the hearing requested by Plaintiff in the Amended Form 33, as well as the reasonable expectations of the parties as reflected by their arguments and statements to the Deputy Commissioner.
To prevent an injustice, the Full Commission concludes that the Opinion and Award of the Deputy Commissioner should be reversed in part and remanded to the Deputy Commissioner section for a hearing on the merits. The Full Commission is also of the opinion that Defendants' defenses are not waived in this matter due to untimely filing of the Form 61; however, the issue of I.C. Rule 802(2) sanctions for untimely filing of the Form 61 is held in abeyance.
IT IS THEREFORE ORDERED that:
1. North Carolina Self-Insurance Guaranty Association timely filed their Form 61.
2. Defendants did not waive their defenses to this claim by any untimely filing of a Form 60 denial; however, the issue of sanctions under I.C. Rule 802(2), for untimely filing of the Form 61 is held in abeyance.
3. The Opinion and Award of the Deputy Commissioner dismissing Plaintiff's claim is reversed. This case is remanded to the Deputy Commissioner section for a hearing on the merits.
This the ___ day of April 2007.
 S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER *Page 4 
CONCURRING:
 S/ ______________________ BUCK LATTIMORE CHAIRMAN
 S/ ______________________ PAMELA T. YOUNG COMMISSIONER *Page 1